**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60557

(Summary Calendar)
_____


EARNESTINE HARDIN,

                    Plaintiff-Appellant,

versus

SHIRLEY S CHATER, COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant-Appellee.


_____

Appeal from the United States District Court
For the Western District of Texas
(3:94-CV-601)
_____

July 15, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Earnestine Harden[1] appeals the district court's judgment dismissing her claim for judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying Harden's claim for disability benefits.  We affirm.

---

    [*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

    [1]    Harden's name is misspelled as "Hardin" in the caption of this case. The correct spelling, "Harden," will be used in the text of this opinion.

Harden filed an application for disability benefits in 1986, alleging that she became disabled in 1986 and that her disability prevented gainful employment. After a hearing, an administrative law judge ("ALJ") found that Harden was not disabled and denied her claim. Harden filed a second application for disability benefits in 1990, alleging that she became disabled in 1990. After a hearing, an ALJ once again found that Harden was not disabled and denied her claim. Harden filed a motion for reconsideration, which was denied. Harden filed a third application for disability benefits in 1992, alleging that she became disabled in 1985. After a hearing, an ALJ for a third time found that Harden was not disabled. This time, Harden filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration. The Appeals Council vacated the ALJ's decision and remanded to the ALJ, in part in order for the ALJ to consider the applicability of res judicata. On remand, the ALJ denied Harden's request for a hearing and issued an order dismissing Harden's application on res judicata grounds, finding that the question of whether Harden was disabled in 1985 was foreclosed by prior decisions finding that she was not disabled in 1986 or 1990. Harden again filed a request for review of the ALJ's decision with the Appeals Council, but this request was denied. Harden then filed suit in federal district court, seeking judicial review of the denial of her third application for disability benefits. The Commissioner filed a motion to dismiss for lack of jurisdiction,

which the district court granted.  Harden filed a timely notice of appeal.

Harden argues that the district court erred when it granted the Commissioner's motion to dismiss for lack of jurisdiction. Subject matter jurisdiction is an issue of law, which we review de novo. *Decell & Assocs. v. Federal Deposit Ins. Corp.*, 36 F.3d 464, 467 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 2275, 132 L. Ed. 2d 279 (1995).  Federal courts have jurisdiction to review an administrative determination regarding a claim for social security disability benefits (1) if such a determination is a "final determination . . . made after a hearing," 42 U.S.C. § 405(g); or (2) if the claimant makes a colorable challenge to the determination on constitutional grounds.  *Califano v. Sanders*, 430 U.S. 99, 108, 97 S. Ct. 980, 986, 51 L. Ed. 2d 192 (1977).

Harden's third application for disability benefits was dismissed by the ALJ on res judicata grounds.  Harden argues that this application should be construed as a motion to reopen her second application for benefits, and thus that the ALJ's order should be construed as the denial of a motion to reopen a prior determination. Regardless of how the ALJ's order is characterized, we find that neither the ALJ's order of dismissal nor the Appeals Council's denial of Harden's request for review constitutes a "final determination . . . made after a hearing."  42 U.S.C. § 405(g); *see Brandyburg v. Sullivan*, 959 F.2d 555, 558 (5th Cir.

1992) (noting that a decision not to reopen a final prior determination is not a "final determination made after a hearing" because no hearing was required); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) (noting that a res judicata determination is not a "final determination made after a hearing" because no hearing was required).

Harden also alleges that the ALJ's dismissal of her third application for benefits violated her Fifth Amendment due process rights. Although we have jurisdiction to review colorable constitutional claims by disability benefits claimants, *Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir. 1995), mere conclusory allegations that a claimant's constitutional rights were violated will not, without more, establish a "colorable" claim. *Robertson*, 803 F.2d at 810. We find that Harden's constitutional arguments are the types of conclusory allegations that do not constitute a "colorable" constitutional claim.

Accordingly, we hold that the district court did not err when it granted the Commissioner's motion to dismiss for lack of jurisdiction. We AFFIRM.